IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEREK A. WAITHE, ) | |
| ) | |
|     Petitioner/Defendant, ) | |
| ) | |
| v. ) | Case No. 2004-cv-4015-JPG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on federal prisoner and petitioner Derek Waithe's 28 U.S.C. §2255 motion to vacate, set aside or correct sentence (Doc. 1), to which the government responded. (Doc. 23). For ease of appellate review the Court notes that Waithe originally presented two claims in this case: one, the government breached his plea agreement by not filing a motion to reduce his sentence under FED. R. CRIM. P. 35 based on his alleged substantial assistance; two, Waithe's counsel ineffectively represented him by failing to appeal a sentencing enhancement assessed against him in this case. Noting that the government has sole discretion regarding the filing of motions for sentence reductions absent allegations of unconstitutional or otherwise improper motive not present here, the Court dismissed claim one on threshold review. See Rule 4(b), Rules governing section 2255 proceedings. As to the second ground, the Court held an evidentiary hearing on April 20, 2005, see this Court's

minutes at 17, after which it found that Waithe failed to reasonably direct his attorney to file a notice of appeal.  That said, and for the reasons that follow, the remainder of this §2255 will be denied.

Petitioner Derek Waithe pleaded guilty in this Court to dealing crack cocaine in the Mount Vernon, Illinois area and received a 420-month sentence.  See 21 U.S.C. §§841(a)(1), 846.  This case concerns Waithe's desire to challenge to a sentencing enhancement for possessing a dangerous weapon during the commission of the offense, see U.S.S.G. §2D1.1(b)(1), which increased his offense level by two points accordingly.

Waithe claims the right to appeal that enhancement.  He cannot, however, for two reasons.  First, by not filing a notice of appeal from the judgment in his criminal case, Waithe waived his right to appeal that judgment.  See FED. R. APP. P. 3(a).  Thus, on collateral proceedings like these, a defendant's failure to file a notice of appeal may be excused if he establishes that he reasonably directed his lawyer to pursue an appeal and that his lawyer then failed to do so.  If true, such an omission constitutes per se ineffective assistance of counsel and warrants an appeal regardless of the likely merit of the appeal.  *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  But such an argument is unavailing in this case, as the Court heard the testimony of Waithe's lawyer –he credibly testified that Waithe never reasonably directed him to appeal–and accepted that testimony, thus rejecting Waithe's argument to the contrary.

Second, by not challenging the sentencing enhancement during the sentencing hearing in this case, Waithe waived his right to appellate review of the very issue he now

wants to raise on appeal.  To be sure, the general rule is that issues not presented to the district court are forfeited and are therefore reviewable on appeal for plain error only, e.g., *United States v. McIntosh*, 198 F.3d 995, 1003 (7th Cir. 2000), which, though limited, is better than the review Waithe has at this point (nothing).  But this case implicates an even harsher rule; for as the sentencing transcript reveals, Waithe specifically contemplated objecting to the firearm enhancement but then chose not to do so.  (Tr. Jan. 30th hearing at 3).  He's therefore waived review of this issue on appeal or otherwise, *United States v. Choy*, 281 F.3d 682, n. 1 (7th Cir. 2002), regardless of whether or not the waiver-of-collateral-attack-rights clause in his plea agreement bars the issue from consideration at this stage of the litigation.  (Doc. 277 at 8-9); see *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999).  It follows that the argument Waithe principally advances in this case–whether his plea agreement's reservation of the right to challenge the sentencing enhancement also included the right to appeal an adverse determination –is simply immaterial, whether viewed as a matter of criminal procedure (as above) or one of traditional contract law.  See *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 719 F.2d 1335, 1342 (1983) ("Any party to a contract may waive any terms, conditions, or other rights that it might have under the contract.  Waiver may be . . . inferred from acts or conduct, but to constitute a waiver there must be an intentional relinquishment of a known right.").  Waiver applies in both contexts, and Waithe's acquiescence to his lawyer's comments at the sentencing hearing in this case, backed up by his lawyer's credible testimony during the §2255 hearing that Waithe agreed to

withdraw his sentencing objections prior to sentencing (Tr. April 20, 2005 hearing at 30-31), refute the notion that his waiver wasn't knowingly, voluntarily or intelligently made.

For the foregoing reasons, Waithe's 28 U.S.C. §2255 motion is **DENIED**. Because Waithe fails to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. §2253(c)(2), any request for a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED.**

**Dated: July 20, 2005.**

                                              **/s/ J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **U.S. District Judge**